UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RONALD SATISH EMRIT,

    Plaintiff,

v.                                                Case No. 1:22cv282-AW-HTC

SPECIAL AGENT,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Ronald Satish Emrit, a vexatious litigant[1] with over 500 cases filed throughout the country,[2] has filed a *pro se* complaint seeking to assert claims against

---

[1] *See, e.g.*, *Emrit v. Trump*, 2019 WL 935028, at *1 (S.D. Ohio Feb. 26, 2019) ("Plaintiff Ronald Satish Emrit is declared a harassing and vexatious litigator, and therefore is ENJOINED AND PROHIBITED from filing any additional complaints in the Southern District of Ohio which have not first been certified to have been filed in the correct venue by an attorney in good standing in this Court or the jurisdiction in which he or she is admitted, or alternatively, which are accompanied by payment of the full filing fee") (emphasis in original); *see also Emrit v. Universal Music Grp.*, 2020 WL 4751446, at *1 (M.D. Fla. Aug. 17, 2020), *aff'd*, 833 F. App'x 333 (11th Cir. 2021) (observing that Plaintiff's "vexatious litigant status is well-deserved" in light of "numerous" frivolous filings); *Emrit v. Universal Music Grp.*, 2019 WL 6251365, at *2 (W.D. Wash. Nov. 4, 2019), *report and recommendation adopted*, 2019 WL 6251192 (W.D. Wash. Nov. 22, 2019) (noting Plaintiff's "ongoing and persistent pattern of abusing the IFP privilege by filing vexatious, harassing, and duplicative lawsuits" and recognizing he "has been acknowledged as vexatious litigant in at least six district courts").

[2] *See, e.g.*, *Emrit v. Saint Thomas Univ., et al.*, No. 1:22-cv-20835-BB (S.D. Fla.); *Emrit v. Microsoft Corp., et al.*, No. 1:22-cv-00638-UNA (D.D.C.); *Emrit v. Fed. Bureau of Investigation*, No. 3:20-cv-00265-CAB-KSC (S.D. Cal.); *Emrit v. Universal Music Grp.*, No. 3:19-cv-05984-BHS (W.D. Wash.); *Emrit v. Trump, et al.*, No. 1:19-cv-00018-MRB-SKB (S.D. Ohio); *Emrit v. Soros, et al.*, No. 1:19-cv-00125-LEK-WRP (D. Haw.); *Emrit v. Providence Hous. Auth.*, No.

"the Special Agent in Charge of the New York field office of the Federal Bureau of Investigation (FBI)." ECF Doc. 1. As discussed more below, Plaintiff has not set forth any facts showing venue is proper in this District. Also, because the complaint is utterly nonsensical and frivolous, the undersigned recommends the case be dismissed pursuant to 28 U.S.C. § 1406(a), rather than transferred. A transfer would be a waste of judicial resources.

## I. BACKGROUND

The crux of Plaintiff's complaint is that he was "wrongfully racially profiled as Arabic/Muslim without any reasonable suspicion or probable cause" during the administration of George W. Bush.[3] ECF Doc. 1 at 3. Plaintiff alleges "he may have been racially profiled after questioning his Professional Responsibility professor (Daniel Gordon) in 2001", and "might have been racially profiled like Dr. Steven Hatfill or Richard Jewell after a misunderstood marriage proposal to his ex-girlfriend in which the plaintiff was making fun of and/or mocking his own paranoia to open up letters in Pembroke Pines, Florida." *Id.* Plaintiff contends there is "more racism in the city and state of New York than in Texas, Georgia, Arkansas, Florida, or North Carolina where plaintiff's grandfather Clarence Smith has his own holiday

---

1:16-CV-00543-WES-LDA (D.R.I.); *Emrit v. Soc. Sec. Admin.*, Case No. 2:14-CV-01760-GMN-PAL (D. Nev.).
[3] The Court takes judicial notice of the fact that the Bush administration ended thirteen years ago, in 2009. *See George W. Bush*, White House, https://www.whitehouse.gov/about-the-white-house/presidents/george-w-bush/ (last visited Nov. 7, 2022).

on May 5th by proclamation of Lumberton mayor Raymond Pennington." *Id.* Aside from these nonsensical claims, Plaintiff does not set forth any facts pertaining to this purported discrimination nor does he state any facts involving the Defendant. *See id.* at 3–5. In lieu of such pertinent information, the remaining "Statement of Facts" consists of nothing more than a series of rambling, irrelevant statements regarding Plaintiff's relatives, acquaintances, and employment.

Plaintiff seeks monetary damages in the amount of $80,000 and injunctive relief in the form of "equitable remedy that the Special Agent in Charge of SDBY [sic] be required to recognize the [P]laintiff as an African-American related to the African-American Captain of the Battle of Gettysburg (according to the D.C. Lottery)."

**II. DISCUSSION**

As an initial matter, the complaint is devoid of any facts showing that venue is proper in this District. Pursuant to 28 U.S.C. § 1391(e), "[a] civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a

substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1).

Plaintiff has not stated in which state Defendant resides, but presumably it is not Florida, since Plaintiff has claimed complete diversity and Defendant is the agent in charge in New York. *See* ECF Doc. 1 at 2. Also, because the complaint is devoid of any actual facts supporting any claim of discrimination, it is wholly unclear where any of the events or omissions occurred. Thus, the only possible venue that would be proper for this action is the Middle District of Florida, where the Plaintiff resides. *See id.* Indeed, it appears Plaintiff may not even know where he has filed this action because under the "Parties To This Litigation" section of the complaint, Plaintiff states he is "filing this cause of action in the U.S. District Courts of Connecticut because the Russell Trust Association or 'The Order of Skulls and Bones' has a charter at Yale University," and then a few paragraphs later, in the "Jurisdiction and Venue" section of the complaint, Plaintiff states "the U.S. District Court for the District of Columbia (as an Article III court) has jurisdiction over this matter." *See id.*

Regardless, venue is clearly not proper in this District. When a case is filed in the wrong venue, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C.

Case No. 1:22cv282-AW-HTC

§ 1406(a). The undersigned finds a dismissal, rather than a transfer, is appropriate here.

Under Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," sufficient to "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294–95 (11th Cir. 2018). Plaintiff's allegations, however, fall way below even this most basic pleading requirement. Instead of stating the "who," "what," "when," "why" or "how" necessary to support a claim, Plaintiff provides wholly superfluous information, which has no bearing as to any of his stated causes of action. Plaintiff has not set forth any facts showing that he has been harmed, his rights violated, or that Defendant engaged in any wrongful conduct as to him. Instead, as stated above, Plaintiff's complaint is incoherent, nonsensical, and completely devoid of any factual or legal basis. Thus, the complaint is frivolous and should be dismissed under § 1406(a).

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED pursuant to 28 U.S.C. § 1406(a) and as frivolous.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 9th day of November, 2022.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days of the date of this Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

Case No. 1:22cv282-AW-HTC